```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| DANIEL LYNCH,<br><br>　　　　　　Petitioner,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | 20-cv-7210 (LAP)<br>08-cr-1051 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

　　To the extent that Petitioner Daniel Lynch's ("Mr. Lynch") filing of a notice of appeal, (see dkt. no. 94),[1] has not ousted the Court of jurisdiction to rule on his motion seeking a certificate of appealability ("COA") from the Court's Opinion and Order dated July 25, 2022, denying Petitioner's motion under 28 U.S.C. § 2255 (see dkt. no. 91), that motion (dkt. no. 92) is denied.

　　Petitioner, through counsel, seeks a COA, pursuant to 28 U.S.C. § 2253(c), from this Court on two issues that led to the denial of his § 2255 motion: whether James DeVita ("Defense Counsel") provided ineffective assistance (1) for "pursuing a plea agreement [in 2011] that admitted defendant's guilt but acknowledged the defendant was unable to proceed to sentencing due to his mental illness the same day;" and (2) for "failing to

---

[1] Unless otherwise specified, all citations to docket entries herein refer to 08-cr-1051.

1

challenge the Bureau of Prison's [("BOP")] certification that Mr. Lynch in fact, had recovered from his mental illness sufficiently enough to be sentenced eight years after the plea." (Dkt. no. 92 at 1-2.)  The Government opposed Petitioner's motion arguing that "no reasonable jurist could disagree with the Court's conclusion that defense counsel was not constitutionally ineffective."  (See dkt. no. 95 at 3.)

A court should only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further."  Cox v. United States, 783 F.3d 145, 149 (2d Cir. 2015) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)).

The Court denies a COA as to Petitioner's claim that Defense Counsel provided ineffective assistance for pursuing a plea in 2011 rather than arguing an insanity defense at trial as no reasonable jurist could find Defense Counsel's performance was constitutionally ineffective.  The "thorough preparation that went into [Defense Counsel's] decision [to pursue a plea], the defendant's desire to plead guilty, the difficulties with presenting an insanity defense in this case, and the substantial

2

benefits the defendant obtained by pleading guilty rather than going to trial" support this conclusion.  (Dkt. no. 95 at 3; dkt. no. 91 at 12-17.)

The Court also denies a COA as to Petitioner's claim that Defense Counsel provided ineffective assistance for deciding not to challenge the BOP's certification that he had been restored to mental health as likewise no reasonable jurist could find Defense Counsel's decision was constitutionally ineffective. Because Mr. Lynch faced a statutory maximum term of imprisonment for life, had Defense Counsel challenged the BOP's certification, and succeeded on that challenge, then Mr. Lynch would have continued to serve that term of imprisonment for life in a BOP facility.  (See dkt. no. 91 at 18.)  The facts that "declining to challenge the certification allowed defense counsel to make compelling sentencing arguments[] and the defendant wished to proceed to sentencing" also support this conclusion.  (Dkt. no. 95 at 3; see also dkt. no. 91 at 18-20.)

Accordingly, Petitioner's motion for a COA is denied.  The Clerk of the Court shall close the open motion.  (Dkt. no. 92.)

**SO ORDERED.**

Dated:     August 9, 2022
           New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge